J-S16004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE SHELTON | : | |
| | : | |
| Appellant | : | No. 1343 WDA 2025 |

Appeal from the PCRA Order Entered October 22, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016217-2008

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:               **FILED: August 14, 2026**

Dale Shelton appeals *pro se* from the order, entered in the Court of Common Pleas of Allegheny County, denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Upon review, we affirm.

The underlying facts of the criminal case are not relevant to this appeal. The trial court summarized the lengthy procedural history as follows:

> On November 19, 2010, a jury convicted [Shelton] of one count each of murder in the third degree, criminal attempt-homicide, aggravated assault, firearms not to be carried without a license, and six counts of recklessly endangering another person.[1]  The Honorable Joseph Williams sentenced [Shelton] on April 12, 2011, to 25 to 51 years of incarceration.  [Judge] Williams remained judge of record in this case until he transferred to another division of the Court of Common Pleas in January 2021.  [Shelton] filed a post-sentence motion[,] which was denied by operation of law on September 26, 2011.  [Shelton] filed a notice of appeal on October 24, 2011, but counsel for [Shelton] failed to file a brief.  As a

result, the Superior Court of Pennsylvania dismissed the appeal on October 16, 2012.

New counsel filed a PCRA petition requesting reinstatement of [Shelton's] direct appeal rights, which [Judge] Williams granted on January 28, 2013. A direct appeal followed. The Superior Court affirmed the judgment of sentence and[,] on December 11, 2014, the Supreme Court of Pennsylvania denied the petition for allowance of appeal. Next, [Shelton] filed a *pro se* PCRA petition on October 20, 2015. Appointed counsel filed an amended PCRA petition, and [Judge] Williams issued a notice of intent to dismiss. Counsel for [Shelton] filed a response on October 7, 2016. On October 13, 2016, [Shelton] filed, *pro se*, a "Motion to Proceed *Pro Se*." [Judge] Williams dismissed the PCRA petition on October 20, 2016. Counsel filed a notice of appeal on November 16, 2016. [Judge] Williams granted [Shelton's] "Motion to Proceed *Pro Se*" on January 11, 2017. Th[e] appeal was ultimately discontinued at [Shelton's] request.

On June 26, 2017, [Shelton] filed what he believed was an amended PCRA petition and what the Commonwealth asserted was an untimely second PCRA petition. [Judge] Williams dismissed the petition as untimely on January 4, 2018, and the Superior Court [] affirmed the dismissal of the PCRA petition on May 18, 2020.

[Shelton] filed a third PCRA petition on July 31, 2020. The Commonwealth filed its answer on January 20, 2021. On February 5, 2021, this court, now the judge of record, issued a notice of intent to dismiss the PCRA petition as untimely. [Shelton] alleged in his response that the governmental interference exception to the timeliness requirement applied. This court ordered the Commonwealth to reply to this argument. The Commonwealth filed its reply on March 17, 2021. This court issued a second notice of intent to dismiss on March 22, 2021. [Shelton] requested an extension, which this court granted[;] however[, Shelton] subsequently wrote to the court and indicated that he would not be filing a further response. On May 7, 2021, this court dismissed the PCRA petition as untimely filed without exception. [Shelton] filed a notice of appeal on June 4, 2021. This court filed its opinion on October 4, 2021. On August 12, 2022, the Superior Court vacated this court's order dismissing the PCRA petition and remanded with instructions to consider [Shelton's] substantive claims.

- 2 -

This court ordered [Shelton,] on September 12, 2022, to file an amended PCRA petition. [Shelton] complied on February 10, 2023, and the Commonwealth filed an answer on March 8, 2023. This court dismissed the amended PCRA petition on April 12, 2023. [Shelton] filed a notice of appeal on April 19, 2023, and a concise statement on May 17, 2023. This court issued its opinion on June 21, 2023, which the Superior Court [] affirmed on January 30, 2024.

[Shelton], on September [20],[1] 2024, filed a fourth PCRA petition, *pro se*. On October 22, 2024, after giving notice of its intent to do so, this court dismissed the PCRA petition without a hearing. This court granted [Shelton's] application to file [an] appeal *nunc pro tunc* on October 1, 2025, finding that a breakdown in the administrative process had occurred. [Shelton] filed his notice of appeal on October 14, 2025, and his concise statement on November 4, 2025.

> [1.] 18 Pa.C.S.A. §§ 2502(c), 901(a), 2702(a), 6106(a)(1), and 2705, respectively.

Trial Court Opinion, 12/2/25, at 2–4 (unnecessary capitalization and some footnotes omitted; some italics added). The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 2, 2025. Shelton presents the following issues for our review:

Whether the PCRA court committed legal error and/or abused its discretion by:

1. [D]ismissing [Shelton's] September 20, 2024 subsequent PCRA petition without a hearing on the issue of whether [Shelton] is entitled to relief pursuant to the timeliness exception set forth at [section] 9545(b)(1)(ii) due to the ineffectiveness of post-conviction counsel [].

2. [D]ismissing [Shelton's] September 20, 2024 subsequent PCRA petition without a hearing on the issue of whether trial counsel [] provided ineffective assistance of counsel

---

[1] The trial court opinion states that the petition was filed on September 12, 2024. **See** Trial Court Opinion, 12/2/25, at 4. However, the docket and petition reflect a filing date of September 20.

- 3 -

> pursuant to [section] 9543(a)(2)(ii) by failing to object to inaccurate/erroneous jury instructions on voluntary manslaughter.

Appellant's Brief, at 2 (reformatted for clarity) (unnecessary capitalization omitted).

Prior to addressing Shelton's claims on appeal, we must determine whether the PCRA court properly determined that his petition was untimely and, therefore, that it lacked jurisdiction to consider its merits. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final, i.e., at conclusion of direct review or the expiration of the time period for seeking review, unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at sections 9545(b)(1)(i), (ii), and (iii),[2] is met. **See** 42 Pa.C.S.A. §§ 9545(b)(1), (b)(3); **_Commonwealth v. Burton_**, 158 A.3d 618, 623 n.7 (Pa. 2017). A PCRA petition invoking one of these statutory

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

exceptions must be filed within one year of the date the claims could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). This is a jurisdictional requirement and, "therefore, [PCRA] courts are prohibited from considering an untimely PCRA petition." *Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021), citing *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). Additionally, to obtain PCRA relief, a petitioner must prove that the allegation of error has not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Shelton was sentenced on April 12, 2011. Our Court affirmed the judgment of sentence on August 1, 2014, and the Pennsylvania Supreme Court denied Shelton's petition for allowance of appeal on December 11, 2014. He did not seek relief in the United States Supreme Court. Thus, Shelton's judgment of sentence became final on March 11, 2015, and he had until March 11, 2016, to file a timely PCRA petition. *See* 42 Pa.C.S.A. 9545(b)(3); Sup. Ct. R. 13. Because Shelton did not file the instant petition until September 20, 2024, it is facially untimely. Thus, to establish jurisdiction, Shelton was required to plead and prove that one of the enumerated subsection 9545(b)(1) exceptions applies.

Shelton relies upon the newly discovered facts exception, found in subsection 9545(b)(1)(ii) of the PCRA. *See* Serial PCRA Petition, 9/20/24, at 19; Appellant's Brief, at 19. He observes that *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), allows a petitioner to overcome the PCRA time bar

- 5 -

if the petitioner establishes PCRA counsel deprived the petitioner of all appellate review and was, therefore, *per se* ineffective. **See** Appellant's Brief, at 17, 19–21, 24. To establish *per se* ineffectiveness, Shelton argues that, in addition to two claims PCRA counsel raised, preserved, and argued in his appellate brief, counsel raised three additional issues[3] in his appellate brief for the first time, which this Court found to be waived for failure to raise them before the trial court. **See** Appellant's Brief, at 20–23; **see also** Serial PCRA Petition, 9/20/24, at 20–25; **Commonwealth v. Shelton**, 457 WDA 2023, at *3 (Pa. Super. filed Jan. 30, 2024) (unpublished memorandum decision). He states that "issues not raised in a Rule 1925(b) con[]cise statement are waived, even if they are addressed elsewhere in the record or appellate brief. Counsel[']s failure to comply with this rule constitutes ineffective assistance where the omission results in waiver of otherwise reviewable claims." Appellant's Brief, at 24 (citation omitted). Furthermore, Shelton argues that counsel's choice to argue issues in his brief that were not properly preserved in the petition and Rule 1925(b) statement met the three-prong test to

---

[3] The additional issues raised in Shelton's appellant brief were: (1) whether the PCRA court erroneously found his ineffective assistance of trial counsel claim waived; (2) whether it erred in not granting Shelton's motion for leave to amend his petition to "cure a purported lack of a certification of witnesses;" and (3) whether it erroneously found Shelton's 2023 amended first PCRA petition subject to the **Lawson** standard for second or successive petitions. **Shelton**, **supra**, at *3; **see Commonwealth v. Lawson**, 549 A.2d 107, 112 (Pa. 1988) (second or subsequent postconviction request for relief may only be entertained with strong *prima facie* showing that miscarriage of justice may have occurred).

establish ineffectiveness under ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).[4]  ***See*** Appellant's Brief, at 24–26.

"It is well[-]settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).  This includes the exception Shelton invokes under section 9545b(1)(ii), because an allegation of prior counsel's ineffectiveness is not a newly discovered "fact." ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 786 (Pa. 2000); ***see also Commonwealth v. Lark***, 746 A.2d 585, 589 (Pa. 2000) (allegation couched in terms of ineffectiveness of counsel insufficient to overcome PCRA's jurisdictional timeliness issue).

Shelton's attempt to invoke the exception by tying it to the general principle articulated in ***Bennett***, ***supra***, is unavailing.  In ***Bennett***, the PCRA attorney failed to file an appellate brief, thereby foreclosing all appellate review.  ***Id.*** at 1274.  The Pennsylvania Supreme Court held that this failure constituted abandonment on collateral appeal because it completely denied the petitioner appellate review, and a complete failure to preserve a

_____

[4] The ***Pierce*** test, adopted from the United States Supreme Court's decision in ***Strickland v. Washington***, 466 U.S. 668 (1984), requires the petitioner prove that:  "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error."  ***Commonwealth v. Reid***, 99 A.3d 470, 481 (Pa. 2014).

petitioner's right to review is sufficient to meet the timeliness exception under subsection 9545b(1)(ii). *Id.* The Supreme Court explained:

> In *Gamboa-Taylor* and subsequent cases, we addressed situations when PCRA counsel had allegedly ineffectively narrowed the class of claims raised by not including all of the viable claims in the first petition. In such instances, we concluded that by allowing the claim to go forward[,] the timeliness requirements crafted by the legislature would thus effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel. Thus, we firmly rejected any such attempts to circumvent the one-year time limitation via claims of PCRA counsel ineffectiveness. This interpretation is consistent with the federal constitutional standard guiding claims of appellate counsel's ineffectiveness, which allow counsel to choose among nonfrivolous claims and select the best issues for purposes of appeal.
>
> Those cases, however, have no relevance when the claim emanates from the complete denial of counsel. Rather, in such instances, the United States Supreme Court mandates the presumption of prejudice because the process itself has been rendered 'presumptively unreliable' under the Sixth Amendment. . . .
>
> Consistent with this jurisprudence, this Court has recognized a distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances [ ] in which counsel has failed to file an appeal at all. . . .
>
> [E]xtending the decision in *Gamboa-Taylor* to situations when counsel abandons his client on direct appeal would raise serious questions of whether the process is 'fundamentally fair' as applied to a certain class of petitioners.

*Id.* at 1272–73, 1274 (internal quotation marks and citations omitted); *see also Commonwealth v. Peterson*, 192 A.3d 1123, 1125, 1129–31 (Pa. 2018) (counsel's failure to file timely PCRA petition precluded merits or appellate review of collateral claims, which permitted petitioner to overcome

- 8 -

timeliness requirements under 42 Pa.C.S.A. § 9545(b)(1)(ii); court distinguishes between "partial and complete deprivations of PCRA review").[5] Thus, the Supreme Court accepted the possibility that complete abandonment could allow a PCRA petitioner to overcome the time bar via an ineffective-assistance-of-counsel claim.

Shelton's PCRA counsel indisputably preserved Shelton's opportunity for review. In the 2023 PCRA petition, counsel raised two claims for relief: trial counsel's ineffectiveness for failing to request jury instructions on voluntary manslaughter, and illegality of sentence pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). *See* First Amended PCRA Petition, 2/10/23, at 15–22. After the PCRA court dismissed the petition without a hearing, counsel raised, and thus preserved, the same issues in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. *See* Rule 1925(b) Concise Statement of Errors Complained of on Appeal, 5/17/23, at 8–9 (unpaginated). This Court decided both issues on the merits in our 2024 memorandum

---

[5] The Pennsylvania Supreme Court has repeatedly affirmed and clarified the difference between complete and partial denial of counsel in PCRA cases. *See, e.g.*, *Commonwealth v. Rosado*, 150 A.3d 425, 433–36 (Pa. 2016) (*per se* ineffective to abandon all claims preserved in Rule 1925(b) statement and argue only unpreserved claims in brief, resulting in waiver of all claims); *Commonwealth v. Halley*, 870 A.2d 795, 799–800 (Pa. 2005) (*per se* ineffective to fail to file Rule 1925(b) statement, thereby waiving all claims for relief); *Commonwealth v. Liebel*, 825 A.2d 630, 635–36 (Pa. 2003) (*per se* ineffective to fail to file petition for allowance of appeal when requested by client); *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (*per se* ineffective to unilaterally withdraw direct appeal requested by client).

decision.  ***Shelton***, ***supra***, at \*4–\*5.[6]  Thus, Shelton cannot rely on the narrow exception established in ***Bennett***, and his petition is untimely without exception.

Because Shelton's PCRA petition is facially untimely, and he has failed to plead or prove any timeliness exception, we affirm the PCRA court's order dismissing his petition.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 08/14/2026

---

[6] One of the claims this Court found PCRA counsel did not preserve in its Rule 1925(b) statement was whether Shelton waived his ineffective assistance claim.  ***See Shelton***, ***supra***, at \*3; ***see also*** n.3, ***supra***.  As this Court observed in its January 2024 memorandum decision, in the trial court's 2023 order dismissing Shelton's PCRA petition, it asserted the issue was waived; however, it analyzed the issue on the merits in its Rule 1925(a) opinion without mentioning waiver, and this Court analyzed the issue on the merits as well. ***See Shelton***, ***supra***, at \*3 & n.3.